UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>JUANITA M. BRYANT,<br>    Debtor. | Chapter 13<br>Case No. 17-30485-AMN |
| U.S. BANK TRUST, NA, AS TRUSTEE OF THE SCIG SERIES III TRUST,<br>    Movant,<br><br>v.<br><br>JUANITA M. BRYANT, Debtor,<br>ROBERTA NAPOLITANO, Trustee,<br>    Respondents. | <br><br><br><br>Motion No.<br><br>March 4, 2021 |

## AMENDED NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

U.S. Bank Trust, N.A., as Trustee of the SCIG Series III Trust as serviced by SN Servicing Corp. ("**U.S. Bank Trust**") has filed an Amended Motion for Relief from Automatic Stay (the "**Contested Matter**") in the above-captioned case.

NOTICE IS HEREBY GIVEN that any response to the Contested Matter must be filed with the Court no later than **March 18, 2021**. In the absence of a timely filed response, the proposed order in the Contested Matter **may** enter in favor of U.S. Bank Trust without further notice and hearing. See 11 U.S.C. § 102(1).

                                          By: /s/ *Derek A. Castello*
                                              Derek A. Castello, Esq. (ct30981)
                                              Demerle Hoeger LLP
                                              10 City Square
                                              Boston, MA 02129
                                              (617) 337-4444
                                              DCastello@DHNewEngland.com

DATED: March 4, 2021

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>JUANITA M. BRYANT,<br>    Debtor. | Chapter 13<br>Case No. 17-30485-AMN |
| U.S. BANK TRUST, NA, AS TRUSTEE OF THE SCIG SERIES III TRUST,<br>    Movant,<br><br>v.<br><br>JUANITA M. BRYANT, Debtor,<br>ROBERTA NAPOLITANO, Trustee,<br>    Respondents. | Motion No.<br><br>March 4, 2021 |

**AMENDED MOTION OF U.S. BANK TRUST FOR RELIEF FROM STAY
(REAL PROPERTY)**

NOW COMES U.S. Bank Trust, N.A., as Trustee of the SCIG Series III Trust, as serviced by SN Servicing Corporation ("**U.S. Bank Trust**"), and hereby moves pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay for the purpose of enforcing its rights under a certain Note and Mortgage encumbering real estate in which the above-captioned debtor(s) assert an interest. In support of this motion, U.S. Bank Trust respectfully states as follows:

**STATEMENT OF FACTS**

1. Juanita M. Bryant (the "**Debtor**") is an individual asserting an ownership interest in the real property known as and numbered 348-350 Shelton Avenue, New Haven, Connecticut (the "**Property**"). On information and belief, the Property does serve as the principal residence of the Debtor.

2.     The moving party, U.S. Bank Trust, has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3.     On August 31, 2007, the Debtor executed a promissory note in the original principal amount of $112,000.00 (the "**Note**") in favor of Tribeca Lending Corporation (the "**Lender**").  At the time of the filing of this motion, U.S. Bank Trust, directly or through an agent, has possession of the Note.  The Note is duly endorsed in blank.  Therefore, U.S. Bank Trust has standing to enforce the Note.  A copy of the Note is attached hereto as Exhibit A.

4.     As security for the obligations under the Note, the Debtor(s) granted an Open-End Mortgage Deed on the Property in favor of Mortgage Electronic Registration Systems, Inc. as nominee for the Lender (the "**Mortgage**").  A copy of the Mortgage is attached hereto as Exhibit B.

5.     At the time of the filing of this motion, U.S. Bank Trust is the assignee of the Mortgage (the "**Assignment of Mortgage**").  Therefore, U.S. Bank Trust has standing to enforce the Mortgage.  A copy of the Assignment of Mortgage to U.S. Bank Trust is attached hereto as Exhibit C.

6.     The loan was modified by a Home Affordable Modification Agreement between the Debtor and Wells Fargo Bank, N.A., as certificate trustee (not in its individual capacity but solely as certificate trustee), in trust for registered Holders of VNT Trust Series 2010-2, executed by the Debtor on May 27, 2011. A copy of the Modification Agreement is attached hereto as Exhibit D.

## History

1. On April 5, 2017, the Debtor filed a Chapter 13 petition, commencing the above-captioned case (the "**Petition Date**").

2. On September 19, 2017, the Court confirmed the Debtor's Chapter 13 plan the Debtor filed a Chapter 13 plan (the "**Plan**"), which provides for the cure of prepetition arrears and maintenance of ongoing post-petition payments owed pursuant to the Note and Mortgage[1].

3. The Debtor and Codebtor's current regular monthly post-petition mortgage payment is approximately $1,380.13, including principal, interest and escrow. As of the date of this motion, U.S. Bank Trust has incurred approximately $1,238.00 in legal fees and costs associated with this motion.

## Status of the Debtor's Loan

7. At the time of the filing of this motion, the Debtor(s) are in arrears on post-petition payments pursuant to the Note and Mortgage in a total amount of $11,384.06, calculated as follows:

  a. $9,660.91 for monthly mortgage payments for the months of August 1, 2020 through February 1, 2021 (7 x $1,380.13); and

  b. $405.15 in fees or late charges incurred post-petition; and

  c. $80.00 in non-sufficient funds fees; and

  d. $1,238.00 for fees and costs incurred in prosecuting this motion.

---

[1] The Debtor subsequently modified the confirmed plan but U.S. Bank Trust's treatment under the plan was not affected. The Order Approving Second Modified Chapter 13 Plan entered on May 18, 2018. Doc. No. 61.

8. The total debt owed pursuant to the Note and Mortgage as of February 4, 2021 was approximately $144,369.60.

9. The estimated fair market value of the Property is $110,000.00, based upon the Debtor's Schedule A, which U.S. Bank Trust accepts only for the purposes of this motion. A copy of Schedule A is attached hereto as <u>Exhibit E</u>.

10. Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, excluding the encumbrance granted to U.S. Bank Trust as set forth *supra,* total $15,152.86. Therefore, the total liens on the Property exceed $159,522.46, and the Property lacks equity.

11. Upon information and belief, no other liens encumber the Property.

12. Pursuant to the proposed confirmed Chapter 13 plan (the "**Plan**"), the Debtor intends to retain the Property, cure the prepetition arrears, and maintain ongoing post-petition payments owed pursuant to the Note and Mortgage.

### GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY

13. As of the Petition Date, the automatic stay provisions of 11 U.S.C. § 362 became effective, thereby preventing U.S. Bank Trust from exercising its rights as a mortgagee of the Property as is set forth under certain applicable state and federal laws including, without limitation, its right to commence foreclosure proceedings. U.S. Bank Trust seeks relief for cause pursuant to 11 U.S.C. §362(d)(1) – specifically, the failure of the Debtor(s) to make pre-petition and post-petition payments due under the Note and Mortgage. In the alternative, U.S. Bank Trust seeks relief pursuant to 11 U.S.C.

§362(d)(2) on the grounds that there is no equity in the Property and that the Property is not necessary for an effective reorganization.

### Good Cause Exists to Grant Relief Under 11 U.S.C. §362(d)(1)

14. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant U.S. Bank Trust relief from the automatic stay as to the Property due to the arrears on post-petition payments pursuant to the Note and Mortgage, leaving U.S. Bank Trust's interest unprotected. "[T]he failure to make mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." In re Sterling, 543 B.R. 385, 392 (Bankr. S.D.N.Y. 2015), citing In re Schuessler, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008). See also In re Michaelesco, 312 B.R. 466, 475 (Bankr. Conn. 2004).

15. The Plan provides for the cure of prepetition arrears and the maintenance of ongoing post-petition payments due to U.S. Bank Trust pursuant to 11 U.S.C. § 1322(b)(5). The Debtor has Debtors have failed to maintain the monthly post-petition mortgage payments due under the Note and Mortgage. Pursuant to In re Sterling, U.S. Bank Trust lacks adequate protection of its interest in the Property due to the Debtor's Debtors' failure to maintain post-petition payments. 543 B.R. at 392. U.S. Bank Trust also lacks adequate protection of its secured interest because of the lack of equity in the Property, as the total liens against the Property exceed its estimated value. Therefore, cause exists to grant U.S. Bank Trust relief from the automatic stay.

### Grounds for Relief Exist Under 11 U.S.C. § 362(d)(2)

16. Pursuant to 11 U.S.C. § 362(d)(2), this Court should grant U.S. Bank Trust relief from the automatic stay. With respect to a stay of an act against the Property, relief shall be granted "upon request of a party in interest and after notice and a hearing" if "the debtor does not have equity in such property" and "such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2)(A) and (B). The provision of the Bankruptcy Code governing relief from automatic stay on the grounds that a debtor does not have equity in the property and that that property is not necessary for effective reorganization applies in Chapter 13 cases. Kehm v. Citicorp Homeowners Service, Inc. (In re Kehm), 90 B.R. 117, 121-122 (Bankr. E.D. Pa. 1988). In this case, the Debtor has Debtors have no equity in the Property and the Property is not necessary to an effective reorganization as contemplated by 11 U.S.C. §362(d)(2)(B). Therefore, cause exists to grant U.S. Bank Trust relief from the automatic stay.

17. In light of the foregoing, there exists sufficient cause to grant U.S. Bank Trust (or its successors in interest) relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1)-(2) with respect to the Property.

WHEREFORE, U.S. Bank Trust respectfully requests that this Court enter an order terminating or modifying the automatic stay and granting the following relief:

(a) Granting U.S. Bank Trust and any successors or assigns relief from the automatic stay for the purpose of proceeding under applicable non-bankruptcy law to enforce their remedies to foreclose upon and obtain possession of the Property;

(b) Waiving the 14-day stay describe in Fed. R. Bankr. P. 4001(a)(3);

(c) Allowing U.S. Bank Trust, any successors or assigns, or their servicing agent, at their option, to contact the Debtor(s) by telephone or written communication and, at their option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement.  If the Debtor(s) received a Chapter 7 discharge after U.S. Bank Trust's loan was originated, any such agreement shall be non-recourse;

(d) Deeming the Debtor's bankruptcy plan modified to no longer provide for the payment of U.S. Bank Trust's claim under further notice from the Court and that upon such order entering that the notice requirements set forth under Fed. R. Bankr. P. 3002.1 no longer apply; and

(e) Granting U.S. Bank Trust such other and further relief as is just and proper.

DATED at Boston, Massachusetts this March 4, 2021.


By: /s/ *Derek A. Castello*
Derek A. Castello, Esq. (ct30981)
Demerle Hoeger LLP
10 City Square
Boston, MA 02109
(617) 337-4444
DCastello@DHNewEngland.com